IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGIE HENDERSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, | * | No. 1:19-cv-00019-JJV |
| Commissioner of the | * | |
| Social Security Administration,[1] | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Angie Henderson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite her impairments. (Tr. 20-21.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and free of legal error; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff was forty-two years old at the time of the administrative hearing.  (Tr. 41.)  She testified she completed her GED.  (Tr. 42.)  Ms. Henderson has past relevant work as a tax preparer and bookkeeper.  (Tr.44.)

The ALJ[2] found Ms. Henderson had not engaged in substantial gainful activity since June 2014.  (Tr. 12.)  The ALJ next determined Ms. Henderson had "severe" impairments in the form of "late effects of lymphoma, fibromyalgia, chronic fatigue, and anxiety."  (Tr. 12.)  The ALJ further found Ms. Henderson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (Tr. 13-14.)  The ALJ determined Ms. Henderson had the residual functional capacity to perform "sedentary work," except that she could only occasionally "climb, balance, stoop, crouch, crawl, and kneel."  (Tr. 14.)  The ALJ further determined that Ms. Henderson could perform work where "interpersonal contact is incidental to the work performed. . . [and] [s]he can perform work where complexity of

---

[2]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[3] 420 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

tasks can be learned by demonstration or repetition within 30 days with few variables, little judgment, and where supervision required is simple, direct, and concrete." (*Id.*)  Based on his residual functional capacity assessment, the ALJ concluded Ms. Henderson could no longer perform her past relevant work as either a tax preparer or bookkeeper.  (Tr. 20.)  However, considering Ms. Henderson's age, education, work experience, residual functional capacity, and testimony of the vocational expert, (Tr. 53-55), the ALJ determined that jobs existed in significant numbers in the national economy that Ms. Henderson could perform, such as compact assembler, fishing reel assembler, and nut sorter.  (Tr. 21.)  Accordingly, the ALJ determined Ms. Henderson was not disabled.  (*Id.*)

The Appeals Council received additional evidence in the form of a medical report from Dr. Johnson dated September 26, 2018.  (Tr. 2.)  The Appeals Council then denied Plaintiff's request for a review of the ALJ's decision, making their decision the final decision of the Commissioner.  (Tr. 3.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her complaint, Ms. Henderson raises the following arguments: (1) The ALJ's residual functional capacity assessment was not supported by substantial evidence; (2) the ALJ wrongly discredited the opinion of Dr. Golden; (3) the ALJ wrongly credited the opinion of Dr. Caspall; and (4) the hypothetical posed to the Vocational Expert was flawed, as it did not account for her moderate deficiencies in concentration, persistence and pace.  (Doc. No. 11 at 19-34.)

Ms. Henderson's arguments largely tie into the ALJ's residual functional capacity assessment and his assessment of a claimant's subjective symptoms.  (*Id.*)  The ALJ analyzed all of Ms. Henderson's impairments in light of Social Security Ruling 16-3p.  (Tr. 11.)

Plaintiff clearly suffers from some limitation given her impairments.  And her counsel has done an admirable job advocating for Ms. Henderson's rights in this case.  However, the objective

medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded, "Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual function capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate. . . ." (Tr. 21.)

The ALJ's above assessment is supported by Plaintiff's own treatment records. On January 19, 2015, Ms. Henderson's treating physician, Stephen C. Golden, M.D., noted that she exhibited no joint tenderness nor instability, and has a normal range of motion. (Tr. 873.) Later, on July 6, 2016, Plaintiff followed up with her doctor where, "The symptoms have been present for years and are described as mild in severity. Patient states that her symptoms are better." (Tr. 861.) On this visit, Plaintiff's had normal mood, normal gait, strength was 5/5 in all areas, and her spine exhibited no tenderness. (Tr. 863.) At a later visit, her symptoms were still "described as mild in severity" and medication has been "effective" with controlling anxiety. (Tr. 853.)

These records conform to the examination performed by Plaintiff's fibromyalgia doctor, Beata Majewski, M.D. Dr. Majewski noted that Plaintiff was able to, *inter alia*, walk outdoors on flat ground, dress, bend down, and walk two miles without difficulty. (Tr. 453.) Ms. Henderson

4

was also able to fully extend her elbows, move her hips well, and generally enjoyed good mobility. (Tr. 456.) Dr. Majewski's physical examination showed nothing that would appear to prevent Plaintiff from all forms of work-related activities. (Tr. 455-456.) Furthermore, Vickie Brewer Caspall, Ph.D. examined Ms. Henderson on November 28, 2017, and found that her verbal comprehension, working memory, cognition and persistence were all normal, and that her speech was relevant, logical and goal directed. (Tr. 1027-1032.)

Plaintiff argues that the ALJ wrongly discredited the opinion of Dr. Golden. (Doc. No. 11 at 19.) Dr. Golden completed a "Medical Source Statement-Physical" form in which, by checkmarks, he opined that Ms. Henderson could lift less than 10 pounds, could only stand and/or walk less than two hours in a day for 30 minutes at a time, and sit only 2 hours in a workday. (Tr. 1200-1201.) Dr. Golden only completed the checkmark portion of the statement and did not fill out the portion describing Ms. Henderson's physical problems. Significantly, Dr. Golden crossed out the portion of the statement which affirms "My signature below attests that the limitations assessed herein are not based solely upon the patient's self-reports of limitations, rather they are based primarily on clinical observations, medical judgment, tests and procedures performed in the course of treatment and have a reasonable degree of independent medical probability." (Tr. 1201.) In place of this clause Dr. Golden wrote "The above information is taken from patient interview. I do not have the ability to do a functional capacity exam in my office." (*Id.*)

Plaintiff is correct that her treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount this opinion.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion

    controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Given the overall evidence of record, the ALJ had fair reasons to discount Ms. Henderson's treating physician. It is troublesome that Dr. Golden crossed out the form clause in the Medical Source Statement-Physical which affirms he did not rely solely on the patient's self-reporting but weighed the totality of the medical record when he filled out the statement. Plaintiff argues in her brief that the term "functional capacity exam" is a term of art, and Dr. Golden was simply stating that he did not have the ability to provide this type of test which is normally given by an occupational therapist. This is still no reason to cross out a clause which states only that he weighed all the evidence in making his decision.

Regardless, the ALJ properly discounted Dr. Golden's opinion in the Medical Source Statement-Physical as it was inconsistent with the medical record and his own observations. As discussed above, Dr. Golden noted at various times that Ms. Henderson's motor strength, range of motion and other symptoms were milder than indicated in the Medical Source Statement-Physical. (Tr. 853, 863, 873, 962.) Dr. Majewski's observations of Ms. Henderson's physical ability also constitutes evidence that is contrary to the Medical Source Statement-Physical. Because of the inconsistencies and contrary evidence throughout the record, the ALJ had fair reasons to discount Dr. Golden's Medical Source Statement-Physical.

Plaintiff also argues that the ALJ wrongly credited the opinion of Dr. Caspall regarding Ms. Henderson's mental limitations. (Doc. No. 11 at 28.) However, the ALJ never gave Dr.

Caspall's opinion controlling weight, but properly regarded it as part of the overall medical record in finding that her claimed limitations were not consistent "with the preponderance of the evidence." (Tr. 19.)  There are numerous records which indicate that Ms. Henderson at various times showed a mood and anxiety which are inconsistent with the claimed disability.  (Tr. 316, 358, 384, 420, 439, 456, 464, 856, 863, 867, 871, 881, 937, 962.)  Ms. Henderson occasionally told her doctors that her anxiety had lessened or was nonexistent.  (Tr. 349, 345, 853.)  With the total record in mind, including the new evidence given to the Appeals Council from Dan Johnson, Ph.D., (Tr. 33-34), I find the ALJ's findings regarding Ms. Henderson's mental limitations are supported by substantial evidence.

Plaintiff also argues that the hypothetical posed to the Vocational Expert was flawed, as it did not account for her moderate deficiencies in concentration, persistence and pace.  (Doc. No. 11 at 31.)  Plaintiff relies primarily on *Newton v. Chater*, 92 F.3d 688 (8th Cir. 1996) to show that a claimant's moderate deficiencies in concentration, persistence and pace must be included in the hypotheticals posed to the Vocational Expert.

In *Newton*, there was no dispute that the claimant "had moderate deficiencies in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal work week, and perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* at 695.  But these limitations were not at all included in the hypothetical question posed to the Vocational Expert. *Id.*  Although Plaintiff disagrees, I find the ALJ sufficiently included the appropriate limitations in the hypothetical questions. (Tr. 53-54.) The ALJ specifically included the necessity for "work where interpersonal contact is incidental to the work performed. . . . The complexity of tasks would be limited by

demonstration or repetition within 30 days, with few variables, little judgment, and the supervision required is simple, direct and concrete." (*Id.*)  Plaintiff argues "there was no limitation to simple, routine work." (Doc. 11 at 32.)  I disagree.  While those precise words may not have been used, the ALJ's hypothetical question sufficiently includes those limitations with few variables, little judgment, and limited supervision.

Not to belabor the point, I find Plaintiff's reliance on *Newton* to be misplaced.  *Newton* stands for the notion that when deficiencies are not included in a hypothetical question, a vocational expert cannot base their opinion on the full extent of a claimant's limitations.  In such a case, a vocational expert's testimony cannot constitute substantial evidence to support the Commissioner's decision.  *Newton*, 92 F.3d at 695.  Here, Plaintiff's deficiencies - as supported by the medical evidence - were fairly captured by the ALJ's question here.  While the exact verbiage from the ALJ's Step Three analysis were not utilized, Plaintiff's moderate deficiencies in concentration, persistence, and pace were fairly captured for consideration by the vocational expert.

Plaintiff has advanced other arguments which I have carefully considered and find are without merit.  I am sympathetic to Ms. Henderson's claims.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. I agree with the Commissioner that Plaintiff has simply not met her burden of proving she is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 25th day of October 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE